JOHN B. GREENE, ESQ.
Nevada Bar No. 004279
ROBERT D. VANNAH, ESQ.
Nevada Bar No. 002503
**VANNAH & VANNAH**
400 S. Seventh Street, 4th Floor
Las Vegas, Nevada 89101
Telephone (702) 369-4161
jgreene@vannahlaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### o0o

| | |
|---|---|
| TERRI KNAACK, individually, and as Administrator of the Estate of Joseph Knaack, deceased; ANDREW KNAACK, <br><br> Plaintiffs, <br><br> vs. <br><br> KNIGHT TRANSPORTATION, INC.; KNIGHT REFRIDGERATED, LLC; CAROL WALKER, <br><br> Defendants. | CASE NO.: <br><br><br> **COMPLAINT** |

Plaintiffs TERRI KNAACK, individually, and as Administrator of the Estate of Joseph Knaack, deceased, and ANDREW KNAACK, by and through their undersigned counsel, ROBERT D. VANNAH, ESQ., and JOHN B. GREENE, ESQ., of VANNAH & VANNAH, and for their causes of action against Defendants, complains and alleges as follows:

### I.
### JURISDICTION

1. Plaintiff TERRI KNAACK (TERRI) is a resident of Elko County, Nevada. TERRI is also the Administrator of the Estate of Joseph Knaack (the ESTATE), an ESTATE organized and created under Nevada law in Elko County, Nevada. Plaintiff ANDREW KNAACK (ANDREW) is a resident of Michigan. At times, TERRI, the ESTATE, and ANDREW are referred to as Plaintiffs.

1

2. Defendant KNIGHT TRANSPORTATION, INC. (KNIGHT), is a foreign corporation organized under and existing by laws of the State of Arizona and licensed and doing business throughout the United States, including Nevada. Defendant KNIGHT REFRIDGERATED, LLC (KR), is a foreign limited liability company organized under and existing by laws of the State of Arizona, a subsidiary of KNIGHT, and licensed and doing business throughout the United States, including Nevada. Defendant CAROL WALKER (WALKER) is a resident of Florida.

3. Plaintiffs demand a Trial by Jury on all issues.

4. The Court has jurisdiction under 28 U.S.C. Section 1332.

5. The Court also has pendant jurisdiction as provided under 28 U.S.C. Section 1367(a).

## II.

## PARTIES

6. Plaintiffs hereby repeat and reallege Paragraphs 1 through 5 of this Complaint as though fully set forth herein.

7. TERRI is a resident of Elko County, Nevada, and was the legal and lawful wife of Joseph Knaack (Joe). Additionally, TERRI is the Administrator of the ESTATE, which was organized and created under Nevada law in Elko County, Nevada. Furthermore, ANDREW is a resident of Michigan, is the natural born son of, and is a lawful heir of, Joe.

8. KNIGHT and KR are foreign entities organized under and existing by laws of the State of Arizona and is licensed and doing business throughout the United States, including Nevada.

9. WALKER was an employee of and agent of KNIGHT and/or KR, is a resident of Florida, and was acting in the course and scope of her employment with KNIGHT and/or KR when this incident occurred. At times, KNIGHT, KR, and WALKER are referred to as Defendants.

///

///

### III.

### FIRST CAUSE OF ACTION
(Negligence Against All Defendants)

10.     Plaintiffs hereby repeat and reallege Paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11.     On September 28, 2016, Joe was traveling home to Elko, Nevada, northbound on State Route (SR) 318 with the right-of-way on his Harley Davidson motorcycle. Traveling with Joe was Don Rathburn, who was operating a separate motorcycle in the immediate vicinity of Joe.

12.     At the same time, WALKER, while in the course and scope of her employment with KNIGHT and/or KR, was operating a semi-truck owned by KNIGHT and/or KR southbound on SR 318. As the three participants in this tragedy approached mile marker 15, which was proximate to the Lane's Truck Stop near Lund, in White Pine County, Nevada, WALKER abruptly and negligently turned left in front of Joe (and Don) without any measure of care for Joe's right-of-way, causing a catastrophic collision. As WALKER negligently drove KNIGHT'S and/or KR'S semi-truck directly in front of Joe's path of travel without any time or space for him to take evasive action, Joe's head struck the side of Defendants trailer, causing his death.

13.     The negligence of WALKER consisted of negligent driving, failing to use due care and caution before moving a vehicle (tractor-trailer/semi-truck combination) in a left-hand turning movement from the southbound lane of SR 318 across the northbound lane of SR 318, failing to yield the right-of-way to Joe, causing a collision with Joe, and causing his death.

14.     As a direct and proximate cause of the death of Joe, TERRI and ANDREW suffered pecuniary damages including, but not limited to, grief and sorrow; the loss of probable support; the loss of companionship, society, comfort, and consortium; and, the pain, suffering and disfigurement inflicted upon, and suffered by, Joe. Plaintiffs will continue to endure losses and damages for an

indefinite period of time in the future, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

15. As a direct and proximate cause of the death of Joe, the ESTATE incurred special damages including, but not limited to, funeral expenses, miscellaneous damages, as well as the expectant loss of income and financial benefit in excess of One Hundred and Fifty One Million Dollars ($151,000,000.00).

16. As a result of the negligent actions of Defendants, Joe also suffered conscious fear, pain, suffering, and disfigurement.

17. The conscious fear, pain, suffering, disfigurement, and death suffered by Joe was proximately and directly caused by the negligent acts of WALKER in turning KNIGHT'S and/or KR'S semi-truck directly into the unavoidable path of Joe.

18. At the time of Joe's death, he was married to TERRI, and was also survived by his adult child, ANDREW. Therefore, pursuant to NRS 41.085(4), they are entitled to be awarded damages for their grief and sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering or disfigurement of Joe in an amount in excess of One Hundred and Fifty One Million Dollars ($151,000,000.00).

19. At the time of his death, Joe was 50 years old and was earning in excess of $2,000,000 annually, and would have continued to earn in excess of this sum for the rest of his natural life.

20. At all times mentioned, Joe was acting in a careful and prudent manner and was not comparatively negligent.

21. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney fees and costs of suit incurred in this action.

///

///

## IV.

## SECOND CAUSE OF ACTION
### (Vicarious Liability and Wrongful Death against KNIGHT and KR)

22. Plaintiffs hereby repeat and reallege Paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. The wrongful death of Joe was directly and proximately caused by the negligent actions of WALKER. When the subject accident occurred, WALKER was acting in the course and scope of her employment with KNIGHT and/or KR. Therefore, under Nevada law, KNIGHT and/or KR are vicariously and legally responsible for the negligent acts of WALKER, under the doctrine of *Respondeat Superior*, as outlined in common law, and under NRS 41.130.

24. As a direct and proximate cause of the wrongful death of Joe, TERRI and ANDREW suffered pecuniary damages. Therefore, pursuant to NRS 41.085(4), they are entitled to be awarded damages for their grief and sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering or disfigurement of Joe in an amount in excess of One Hundred and Fifty One Million Dollars ($151,000,000.00)

25. As a direct and proximate cause of the wrongful death of Joe, the ESTATE incurred special damages including, but not limited to, funeral expenses, miscellaneous damages, as well as the expectant loss of income and financial benefit in excess of One Hundred and Fifty One Million Dollars ($151,000,000.00).

26. As a result of the negligent actions of Defendants, Joe suffered conscious fear, pain, suffering, disfigurement, and death.

27. The conscious fear, pain, suffering, disfigurement, and death suffered by Joe was proximately and directly caused by the negligent acts of WALKER in turning KNIGHT'S and/or KR'S semi-truck directly into the unavoidable path of Joe.

28. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney fees and costs of suit incurred in this action.

V.

### THIRD CAUSE OF ACTION
### (Wrongful Death Against All Defendants)

29. Plaintiffs hereby repeat and reallege Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. The wrongful death of Joe was directly and proximately caused by the negligent actions of WALKER, on behalf of KNIGHT and/or KR.

31. As a direct and proximate cause of the wrongful death of Joe, TERRI and ANDREW suffered pecuniary damages. Therefore, pursuant to NRS 41.085(4), they are entitled to be awarded damages for their grief and sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering or disfigurement of Joe in an amount in excess of One Hundred and Fifty One Million Dollars ($151,000,000.00).

32. As a direct and proximate cause of the wrongful death of Joe, the ESTATE incurred special damages including, but not limited to, funeral expenses, miscellaneous damages, as well as the expectant loss of income and financial benefit in excess of One Hundred and Fifty One Million Dollars ($151,000,000.00).

33. As a result of the negligent actions of Defendants, Joe suffered conscious fear, pain, suffering, disfigurement, and death.

34. The conscious fear, pain, suffering, disfigurement, and death suffered by Joe was proximately and directly caused by the negligent acts of WALKER in turning KNIGHT'S and/or KR'S semi-truck directly into the unavoidable path of Joe.

35. Plaintiffs have been required to retain legal counsel to prosecute this action, and are therefore entitled to reasonable attorney fees and costs of suit incurred in this action.

## VI.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs demand for relief and judgment as against Defendants for every cause of action, as follows:

1. Compensatory or pecuniary damages in excess of $151,000,000.00;

2. Special damages in excess of $151,000,000.00;

3. Costs of suit and attorney's fees incurred herein;

4. Pre-judgment and post-judgment interest, as allowed by law; and,

5. For such other and further relief as the Court may deem appropriate.

DATED this 21 day of March, 2017.

VANNAH & VANNAH

By: _____
JOHN B. GREENE, ESQ.