# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TERRI KNAACK, individually, and as Administrator of the Estate of Joseph Knaack, deceased, ANDREW KNAACK,<br><br>Plaintiffs,<br><br>vs.<br><br>KNIGHT TRANSPORTATION, INC., KNIGHT REFRIGERATED, LLC, CAROL WALKER,<br><br>Defendants. | 3:17-cv-00172-LRH-WGC<br><br>**ORDER**<br><br>Re: ECF Nos. 24, 25 |

Before the court are two motions of Knight Transportation, Inc., Knight Refrigerated, LLC ("Knight") and Carol Walker ("Walker"): a Motion for Stay (ECF No. 24) and a Motion to Shorten Time (ECF No. 25). The Motion to Stay (ECF No. 24) is denied and the Motion to Shorten Time (ECF No. 25) is denied as moot.

## **BACKGROUND**

This litigation arises from a motorcycle-tractor trailer accident which occurred on September 28, 2016, in Lund, Nevada. Plaintiffs allege Walker was driving the Knight tractor trailer southbound on State Route 318 and made a left turn into a truck stop. Plaintiffs' decedent, Joseph Knaack ("Knaack") was operating a motorcycle northbound on the highway and collided with the Knight tractor trailer. Knaack died as a result of the injuries sustained in the collision. Plaintiffs aver Walker caused the wrongful death of Knaack as an alleged consequence of Walker failing to yield the right of way to the

oncoming traffic, i.e., Knaack's motorcycle.

In addition to the pending civil litigation, on February 7, 2017, Walker was charged with vehicular manslaughter, which case is pending in Justice Court in White Pine County.[1]

Defendants contend that because of the prosecution, any discovery "responses can and will be used in the criminal case filed against Ms. Walker . . . ." (*Id*. at 5). Defendants therefore request a stay which would be "enforced up until two weeks post notice of entry of conviction, judgment and or entry of a plea in the criminal matter . . . ." (*Id.*)[2] Because of the apparent time sensitivity of Defendants' motions, which were filed on the eve Defendants' discovery responses were due to be served (ECF No. 24 at 3; ECF No. 24-1), the court has undertaken an expedited review of Defendants' motions.

### DISCUSSION

The predicate for Defendants' motion for stay is that because of the pending criminal case against Walker, she is entitled to assert the Fifth Amendment privilege against self-incrimination in both the criminal and civil proceedings. (ECF No. 24 at 7, citing *Fidelity Bankers Life Ins. Co. v. Wedco, Inc.*, 586 F.Supp. 1123, 1125 (D. Nev. 1984)). Although the motion to stay is made on behalf of all three Defendants, the privilege against self-incrimination would apply only to Walker and not the two corporate Defendants (Knight) which have not been charged with any crime. The court, therefore, analyzes the request for stay from the standpoint of Walker.

The constitution does not require that civil proceedings be stayed pending the outcome of criminal proceedings. *Wedco*, 586 F.Supp. at 1125; *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). As Defendants recognize, whether a stay should be granted where a criminal prosecution is proceeding against a Defendant at the same time as a civil case is a decision within the court's discretion. (ECF No. 24 at 7, citing *United States v. Kordel*, 397 U.S. 1, 12 (1970)).

When deciding whether to exercise its discretion to stay civil proceedings, the court must first consider "the extent to which the defendant's Fifth Amendment rights are implicated." *Molinaro*, 889

---

[1] Defendants refer to the prosecution as pending in "Ely County" (ECF No. 24 at 3; ECF No. 25 at 3). Of course, the proper designation is White Pine County, Nevada.

[2] Defendants do not provide a date set for trial of the manslaughter charges. This court, however, contacted the Ely Justice Court and learned Walker's trial is set for January 10, 2018.

F.2d at 902. In this case, it appears Plaintiffs' discovery has potentially triggered Walker's possible exercise of her Fifth Amendment rights in only one discovery document, i.e., Plaintiff Terri Knaack's Request for Admission (Defendants' Exhibit 1, ECF No. 24-1 at 1-4). The other exhibits referencing Plaintiffs' discovery (Defendants' Exhibits 2-4, ECF No. 24-2 through 24-4) pertain to Knight which was not the subject of a criminal prosecution and is not asserting the Fifth Amendment privilege. While certain of the admissions Plaintiffs seek from Walker (but not necessarily all) would seemingly justify the assertion of the privilege, Defendants do not explain why at this stage Walker could not assert the privilege in response to (certain) of the requests, and after the conclusion of the criminal case, amend her discovery responses, if necessary.

Five additional factors have been enunciated by the Ninth Circuit Court of Appeals when evaluating a request for a stay under these circumstances:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interests of the public in the pending civil and criminal litigation.

*Perez v. Station Casinos*, *LLC*, 2016 WL 8959135 (No. 2-15-cv-01553-JAD-NJK, 2/8/2016), citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). Although Judge Koppe in her analysis of these factors reached the conclusion a stay of the civil case was warranted in *Perez*, this court in applying these factors to the instant matter comes to a different conclusion.

As to the first *Keating* factor, while Plaintiffs may have delayed serving discovery until "seven (7) months after the filing of their complaint," (ECF No. 24 at 9) (the complaint was filed on March 21, 2017), the docket reflects Defendants did not answer Plaintiffs' complaint until two months after the complaint was filed. (ECF No. 9, 5/26/17.) The Rule 26 conference was conducted approximately three weeks later on June 14, 2017. (ECF No. 13 at 1.) A Scheduling Order was entered on June 30, 2017. (*Id.*) A proposed Stipulated Confidentiality Order was submitted to the court on October 2, 2017. (ECF No. 18.) After the court directed the parties to effect certain revisions, the Confidentiality Order was approved by the court on October 16, 2017. (ECF No. 21.) It appears Plaintiffs commenced their discovery shortly thereafter.

The discovery directed to Walker was apparently served on October 19, 2017 (ECF No. 24 at 3; the discovery exhibit regarding the request for admissions, ECF No. 24-1, does not include the certificate of service). The court does not view this as an inordinate delay or a waiver of Plaintiffs "proceeding expeditiously with this litigation."

The second *Keating* factor is the burden on the Defendants if required to proceed with discovery. As discussed above, the court does not view Defendant Walker (or all Defendants) having to respond to Plaintiffs' discovery as being burdensome, even if it might later necessitate supplemental responses.[3]

The third factor under the *Keating* analysis pertains to the court's management of its calendar. The parties when submitting their discovery plan requested twice the time allotted under the Local Rules for completion of discovery, i.e., 365 days. (ECF No. 12 at 3-4.) The court in acquiescing to the extended time period for discovery explicitly stated that no extensions to the Scheduling Order would be granted. (ECF No. 13 at 7.) Staying this case indefinitely would likely result in modification of those deadlines, possibly pushing discovery, dispositive motions, etc., out until 2019 or beyond.[4]

The court recognizes Defendants seek a stay "two weeks post notice of entry of conviction, judgment and/or entry of plea." (ECF No. 24 at 5.) However, while the criminal trial may be scheduled in mid-January, any post trial motions - which would be likely in the event of a conviction - would further delay entry of judgment and thereby the duration of the stay. Defendants also do not discuss the consequences of a stay in the event Walker were to be convicted and *appealed* that conviction. Would Defendant Walker no longer assert her Fifth Amendment privilege during an appeal of the matter? Would Walker continue to seek a stay while any conviction were appealed? In view of the rationale asserted in support of Defendants' motion (ECF No. 24 at 5), the court anticipates Defendant would do so.

/ / /

---

[3] The court presumes that Walker may respond to Requests 2-9, 12, and 14 with an assertion of the Fifth Amendment. The court further presumes, but without deciding, Requests 1, 10, 11 and 13 could be responded to substantively by Walker without incriminating herself insofar as the criminal prosecution is concerned.

[4] Despite the court's admonition the discovery and other attendant deadlines would not be extended, if good cause - such as extenuating circumstances - were to be demonstrated, the court may nevertheless be persuaded to re-examine those deadlines.

The fourth *Keating* factor pertains to the interests of persons not parties to the civil litigation. While there are probably no "disinterested persons" to this litigation, this factor nevertheless implicates Defendants' contention Defendants are prejudiced because Plaintiffs state in discovery responses they do not have access to certain evidence, such as Knaack's driver's license, the motorcycle wreckage, clothing, etc. (ECF No. 24 at 5-6). Defendants argue they "necessarily need access" to this evidence which is "within the Nevada Highway Patrol's care, custody and control to conduct a full investigation of all claims and available defenses" (*Id.* at 6). However, other than writing a "preservation letter" to the Nevada Highway Patrol (Exhibit 7, ECF No. 24-7), Defendants - Walker in particular - do not outline what efforts they have undertaken to secure inspection of the evidence, such as through a Rule 45 subpoena in this civil action or via discovery and disclosures typically made by the prosecution in a criminal action. (cf., Nev. Rev. Stat. 174.235)

The fifth and last of the *Keating* factors to be evaluated when considering a stay is the interest of the public in the pending civil and criminal litigation. The Ninth Circuit stated that the trial court needs "to be especially careful that undue consideration is not given a proceeding's impact on the public." *Keating*, 45 F.3d at 325-326. As applicable to the instant matter, the court does not view this factor as controlling the outcome of the motion for stay.

The *Keating* court concluded that the Administrative Law Judge's decision not to stay proceedings pending outcome of the state and criminal trials did not unduly compromise Keating's due process rights. (*Id.* at 326.) The decision noted that:

> "In the absence of substantiated prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence."

*Keating*, 45 F.3d at 324, citing *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 649 U.S. 993 (1980).

The court similarly does not view denying a stay in this case would unduly compromise any of Walker's Fifth Amendment or due process rights.

/ / /

/ / /

5

## CONCLUSION

The court in the exercise of its discretion chooses not to either stay this action in its entirety or stay discovery. Defendants' Motion to Stay (ECF No. 24) is **DENIED**; Defendants' Motion to Shorten Time (ECF No. 25) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: November 21, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE