UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRI KNAACK, individually, and as Administrator of the Estate of Joseph Knaack, deceased, ANDREW KNAACK,<br><br>Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC.; KNIGHT REFRIDGERATED, LLC; KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.; CAROL WALKER,<br><br>Defendants. | Case No. 3:17-cv-00172-LRH-WGC<br><br>ORDER |

Before the Court is Plaintiffs' Motion to Keep Motions *in Limine* Under Seal Pursuant to Protective Order (ECF No. 114). Defendants joined plaintiffs' motion (ECF No. 117).

The court is acutely cognizant of the presumption in favor of public access to papers filed in the district court. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Therefore, a party seeking to file materials under seal bears the burden of overcoming that presumption by showing that the materials are covered by an operative protective order and are also deserving of confidentiality. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2005). Specifically, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted).

This case revolves primarily around the issue of damages in a wrongful death action. The parties have stipulated to and the court has entered a protective order to safeguard confidential information obtained in connection to Small Mines Development ("SMD"), the decedent's

1

business. *See* ECF No. 21. The court has reviewed the parties' motions *in limine* on file with this matter and finds some of the documents have a protected status and contain content deemed "Highly Confidential." However, the parties have failed to follow the local rules and appropriately file redacted versions of these motions for public record. Rather, plaintiffs filed all of these documents open, without any redactions, while defendants filed these documents improperly for *in camera* review. *See* LR IA 10-4 and 10-5.

While the court is cognizant of the fact that a blanket motion to seal all motions *in limine* is inappropriate, it is also cognizant of the fact that SMD is not a party to this litigation and the parties' failure to protect SMD's confidential information should not harm SMD. Therefore, the court will grant plaintiffs' motion to seal. The parties will have 10 days from entry of this order to refile these motions in accordance with the local rules: a redacted copy of the document filed publicly, an unredacted copy of the document filed under seal, and a related motion to seal the unredacted copy of the document identifying why the document, or parts therein, should remain sealed. The court will then rule properly on each motion to seal.

IT IS THEREFORE ORDERED that plaintiffs' motion to Keep Motions *in Limine* Under Seal Pursuant to Protective Order (ECF No. 114) is **GRANTED**.

IT IS FURTHER ORDERED that plaintiffs are to file the appropriate motions to seal, following the local rules set forth in this Order, within 10 days from entry of this Order.

IT IS FURTHER ORDERED that defendants are to file all documents improperly submitted for *in camera* review either on the docket or, if applicable, filed under seal following all applicable local rules as set forth in this Order, within 10 days from entry of this Order.

IT IS FURTHER ORDERED that the Clerk of Court is to Seal the following documents: ECF Nos. 78, 79, 80, 81, 83, 85, 87, 89, 91, 93, 94, 95, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 110, 112.

IT IS SO ORDERED.

DATED this 31st day of January, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE