UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TERRI KNAACK, individually, and as Administrator of the Estate of Joseph Knaack, deceased, ANDREW KNAACK,

Plaintiffs,

v.

KNIGHT TRANSPORTATION, INC.; KNIGHT REFRIDGERATED, LLC; KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.; CAROL WALKER,

Defendants.

Case No. 3:17-cv-00172-LRH-WGC

ORDER

This is a wrongful death action that is scheduled for a jury trial to begin May 28, 2019. ECF No. 121. In December, 2018, the parties filed a total of 12 motions *in limine*. ECF Nos. 78, 79, 80, 81, 83, 85, 87, 89, 91, 93, 94, 95. However, plaintiffs filed these motions, which contained highly confidential material, on the public docket. Defendants also filed their motions on the public docket, however, they omitted the highly confidential material, choosing instead to submit those documents improperly to the court for *in camera* review.

After plaintiffs became aware of this error, they filed a blanket motion to seal all motions *in limine*, (ECF No. 114), to which defendants joined (ECF No. 117). While the court is cognizant of the fact that a blanket motion to seal an entire document is generally inappropriate, it is also cognizant of the fact that Small Mines Development ("SMD"), the decedent's business, is not a party to this litigation and the parties' failure to protect SMD's confidential information

1

should not harm SMD. Therefore, the court issued a blanket order sealing all of the previous motions *in limine*. *See* ECF No. 119.

However, to rectify this error and because there is a presumption in favor of public access to papers filed in the district court, *see Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), the court directed the parties to refile their motions *in limine*. The parties were instructed to (1) file the motion**, with any highly confidential material redacted**, on the public docket. The party is then to (2) file a **motion to seal**, in which the party identifies why the redacted portions should be sealed. Finally, (3) the party is to file an **unredacted copy** of the document under seal.

Plaintiffs followed this procedure outlined above to the court's satisfaction: they filed 3 motions *in limine* (ECF Nos. 124, 125, 132) redacting the material they deemed highly confidential. They then filed corresponding unredacted versions of these motions under seal and corresponding motions articulating to the court why the redacted portions of the motions should remain protected and why the court should seal the motion.

Defendants did not follow this procedure: rather, they filed all 9 of their motions *in limine* under seal without any corresponding redacted copies or motions to seal.

IT IS THEREFORE ORDERED that defendants' motions *in limine* are **STRUCK** (ECF Nos. 134, 135, 136, 137, 138, 139, 140, 141, 142) for failure to follow the court's prior orders. *See* ECF Nos, 119, 123.

IT IS FURTHER ORDERED that defendants may have 10 days to refile their motions *in limine* if they wish to do so following the proper procedure articulated above.

IT IS SO ORDERED.

DATED this 28th day of March, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE