**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA, NORTHERN DIVISION**

| | |
|---|---|
| TERRI KNAACK, individually, and as Administrator of the Estate of Joseph Knaack, deceased, ANDREW KNAACK,<br><br>Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC.; KNIGHT REFRIGERATED, LLC; KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.; CAROL WALKER,<br><br>Defendants. | Case No. 3:17-cv-00172-LRH-WGC<br><br>**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE DISMISSAL AND TO COMPLETE SETTLEMENT**<br><br>**(FIRST REQUEST)**<br><br>The Hon. Larry R. Hicks<br><br>**AND ORDER THEREON** |

Defendants, KNIGHT TRANSPORTATION, INC., KNIGHT REFRIGERATED, LLC, KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC. and CAROL WALKER, hereby move this Court for an extension of time to July 12, 2019, to complete the settlement and file the dismissal in the above-entitled action.

This motion is made and based upon the pleadings and papers on file, and the memorandum of points and authorities herein.

DATED: June 20, 2019  WOOD, SMITH, HENNING & BERMAN LLP

By: */s/ Joel D. Odou*
JOEL D. ODOU
ANALISE N. M. TILTON
CHRISTINA M. MAMER
KEVIN D. SMITH
Attorneys for Defendants, Knight Transportation, Inc., Knight Refrigerated, LLC, Knight-Swift Transportation Holdings, Inc. and Carol Walker

# DECLARATION OF JOEL D. ODOU

I, Joel D. Odou, declare as follows:

1. I am an attorney at law duly admitted to practice before the Courts of the State of Nevada. I am a Partner with WOOD, SMITH, HENNING & BERMAN LLP, one of the attorneys of record for Defendants, KNIGHT TRANSPORTATION, INC., KNIGHT REFRIGERATED, LLC, KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC. and CAROL WALKER (hereinafter "Defendants"). I know the following facts to be true of my own knowledge, and if called to testify, I could competently do so.

2. Defendants are seeking an extension of time to allow for the full funding of the settlements and so that the settlement drafts may clear prior to the filing of the dismissal in this matter.

3. As reported by the parties, settlements were reached with both Plaintiffs for confidential amounts. The settlement with Plaintiff, Terri Knaack was reached by insurance retained co-counsel for Defendants, Teddy Parker, on Sunday, May 12, 2019. The settlement amount is confidential, but was in excess of self-insured retentions of the Defendants.

4. My firm was directly retained by the Knight Defendants under that self-insured retention, which deducts defense costs incurred in this litigation from its limits.

5. As part of the settlement, an accounting of all costs incurred in this case was performed to determine the amount of erosion of that self-insured retention, with the balance of that self-insured retention to be paid to settle this claim along with payments from participating insurance carriers.

6. Ultimately, some of these payments are being collected from carriers participating through the London Insurance Market.

7. Accordingly, arrangements have been made by the lead carrier to collect all of the overseas settlement funds and have them transferred via international wire to my law firm's trust account.

8. The settlement agreement was finalized by the Parties on May 24, 2019.

9. The settlement agreement was signed by Plaintiffs on May 29, 2019.

10. The settlement agreement was provided to Defendants on June 14, 2019.

/ / /

1        11.      My clients have followed-up extensively with the carriers to make the final arrangements for payment of the settlement, and as of the date of this Declaration, it appears that some funds will arrive via international wire transfer to my law firm's trust account in the next ten (10) business days. Upon receipt, my firm's bank requires the funds to be held for twenty-four (24) hours, and then they can be issued to Plaintiffs' counsel via wire transfer or settlement draft at their convenience.

       12.      On May 23, 2019, Plaintiffs' counsel notified this Court of the settlement of the remaining claims in this case held by Plaintiff, Andrew Knaack (Doc. 227).

       13.      On May 23, 2019, this Court issued a Minute Order (Doc. 228) that vacated the trial set to commence on May 28, 2019 and Ordered the parties to file a Stipulation and Proposed Order of Dismissal within (30) days which is Monday, June 24, 2019 [The thirty-day deadline falls on a Saturday, June 22, 2019. Pursuant to FRCP Rule 6(a)(1)(c), the deadline therefore is Monday, June 24, 2019].

       14.      As of today's date, I have been advised that the separate settlement drafts for Andrew Knaack and partial payments of the settlement for Plaintiff, Terri Knaack have been tendered through co-counsel's office. Additional settlement drafts are expected this week but even if provided on Friday, the funds will take several days to clear and be available for distribution due to the amounts involved.

       15.      This Declaration is being made in support of Defendants' Motion for Extension of Time to File Dismissal and to Complete Settlement (First Request) based upon the fact that through no fault of Defendants, some of the settlement funds due in this matter are coming from overseas.

       16.      As soon as the funds are wired and are available, Defendants will fund the remaining portion of the settlement, however, as of the date of this request, it appears these funds will arrive <u>AFTER</u> the current deadline of June 24, 2019.

       17.      As such, Defendants respectfully request that this deadline be extended to Friday, July 12, 2019, so that the funds will clear both the trust account of Defendants' and Plaintiffs' counsel.

/ / /

/ / /

18. Defendants therefore request that the new deadline be extended to July 12, 2019.

19. On June 19, 2019, I requested Plaintiffs stipulate to this request but could not secure a complete agreement, but Plaintiffs did request enough time for funds to clear before the Stipulation for Dismissal is filed.

20. This Declaration is being made in good faith and not for the purposes of delay.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 20, 2019, at Las Vegas, Nevada.

*/s/ Joel D. Odou*

JOEL D. ODOU

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL HISTORY

As the Court is aware, this is a wrongful death action arising from a motor vehicle accident that occurred on September 28, 2016 in Lund, Nevada. The litigation was commenced on March 21, 2017. The case has been completely settled, and the Defendants are seeking an extension of time in order to have the settlement funds clear and the dismissal filed in this matter.

As reported by the parties, settlements were reached with both Plaintiffs for confidential amounts. The settlement with Plaintiff Terri Knaack was reached by insurance retained co-counsel for Defendants, Teddy Parker, on Sunday May 12, 2019. The settlement amount is confidential, but was in excess of self-insured retentions of the Defendants. As part of this settlement, an accounting of all costs incurred in this case was performed to determine the amount of erosion of that self-insured retention, with the balance of that self-insured retention to be paid to settle this claim, along with payments from other participating insurance carriers. Ultimately, these payments are being collected from carriers participating through the London Insurance Market, and arrangements have been made by the lead carrier to collect all of the overseas settlement funds and have them transmitted to Nevada via international wire transfer.

On May 23, 2019, Plaintiffs' counsel notified this Court of the settlement of the remaining claims in this case held by Plaintiff, Andrew Knaack (Doc. 227).

On May 23, 2019, this Court issued a Minute Order (Doc. 228) that vacated the trial set to commence on May 28, 2019 and Ordered the parties to file a Stipulation and Proposed Order of Dismissal within (30) days which is Monday, June 24, 2019 [The thirty-day deadline falls on a Saturday, June 22, 2019. Pursuant to FRCP Rule 6 (a)(1)(C), the deadline therefore is Monday, June 24, 2019].

The settlement agreement was finalized by the Parties on May 24, 2019.

The settlement agreement was signed by Plaintiff on May 29, 2019.

The settlement agreement was provided to Defendants on June 14, 2019.

///

///

As of today's date, the settlement funds are being collected, and the funds for the settlement for Andrew Knaack will be paid by way of a settlement draft from an insurance carrier for Defendants shortly.  Partial Payments for the settlement for Terri Knaack have been tendered and it is expected that additional settlement checks will be received in the next two business days.

Defendants seek an extension of time to file the Dismissal and complete the settlement as the remaining funds are coming from overseas.  As soon as the funds are wired and are available, Defendants will fund the remaining portion of the settlement, however, as of the date of this request, it appears these funds will arrive <u>AFTER</u> the current deadline of June 24, 2019.

As such, Defendants respectfully request that this deadline be extended so that the funds will clear both the trust accounts of Defendants' and Plaintiffs' counsel and the Stipulation for Dismissal may be timely filed.

Defendants therefore request that the new deadline be extended to July 12, 2019, as there are large settlement drafts and wires being provided that may take additional time to clear due to Bank procedures.

**II.    LEGAL ANALYSIS**

FED. R. CIV. P. 6(b) provides:

> 1) *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
> (2) *Exceptions*. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d) and (e), and 60(b).

LR IA 6-1 provides in pertinent part:

> (a)  A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted. . . . A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. Immediately below the title of the motion or stipulation there also must be a statement indicating whether it is the first, second, third, etc., requested extension. . . .
> (b)  The court may set aside any extension obtained in contravention of this rule.

/ / /

1  Rule 6(b)(1)(B) allows for a party, with good cause, to move for an enlargement of time, the
2  determination of which lies with the presiding Court. "[T]he court has inherent power and discretion
3  to control its docket, and the proceedings within the cases on its docket." *Ford v. County of Missoula,*
4  *Mont.*, 2010 WL 2674036, *1 (D. Mont. 2010) (citing *Landis v. North American Co.*, 299 U.S. 248,
5  254 (1936)); *see also* Fed. R. Civ. P. 6(b) (advisory committee note, 1946) ("Rule 6(b) is a rule of
6  general application giving wide discretion to the court to enlarge these limits or revive them after they
7  have expired . . .").

Defendants are requesting an enlargement of time or extension of time to fund the settlement and have the dismissal filed before the deadline has expired. Defendants are making this request based upon good cause as the settlement exceeded the monetary limit of its self-insured retention and an accounting was necessary to determine the settlement amounts due from the various insurance carriers after the payment of defense costs exhausted underlying limits. These carrier(s) are outside of the State of Nevada and the United States, which necessitates an International wire transfer to avoid delays. At present, it has been represented to Defendants by these parties outside of their control that these funds will be made available to Plaintiffs within ten (10) business days, but this may potentially occur after the deadline set by this Court to have the proposed Stipulation for Dismissal on file, which is currently June 24, 2019. As such, Defendants respectfully request that this date be extended to July 12, 2019, as settlement drafts are currently arriving, but with the July 4th holiday Defendants want to make sure that enough time is provided for the funds to clear as the Plaintiffs want to provide the dismissal after the same.

///
///
///
///
///
///
///
///

-8-

### III. CONCLUSION

Based upon the foregoing, Defendants, KNIGHT TRANSPORTATION, INC., KNIGHT REFRIGERATED, LLC, KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC. and CAROL WALKER request an extension of up to July 12, 2019, to file the proposed Stipulation for Dismissal with this Court. This request is being made in good faith and not for the purpose of delay.

DATED: June 20, 2019       WOOD, SMITH, HENNING & BERMAN LLP

By: */s/ Joel D. Odou*

JOEL D. ODOU
ANALISE N. M. TILTON
CHRISTINA M. MAMER
Attorneys for Defendants, Knight Transportation, Inc., Knight Refrigerated, LLC, Knight-Swift Transportation Holdings, Inc. and Carol Walker

**IT IS SO ORDERED.**

DATED this 24th day of June, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE